**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GABRIEL OJEDA CEDANO,

                          Plaintiff,          COMPLAINT

                -against-                 FLSA COLLECTIVE ACTION

TEAM ELECTRICAL INC.,
and RIFAT REDZEMATOVIC                   ECF CASE
individually,

                          Defendants.
-------------------------------------------------------------------------------X

Plaintiff Gabriel Ojeda Cedano ("Cedano" or "Plaintiff"), on behalf of himself and others similarly situated, by his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Team Electrical Inc. ("Team Electrical") and Rifat Redzematovic ("Defendant Redzematovic" or "Redzematovic"), individually (collectively herein the "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff and all other similarly situated electricians to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as electricians at Team Electrical located in New York, NY, owned and controlled by Rifat Redzematovic.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Team Electrical.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Prevention Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Gabriel Ojeda Cedano**

8. Plaintiff Cedano is and was at all times relevant hereto an individual residing in the Bronx, New York.

9. Plaintiff Cedano is employed by Team Electrical at 690 Riverside Drive, New York NY 10031.

10. At all relevant times, Plaintiff Cedano is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

11. For approximately fifteen years, Defendant Redzematovic has owned and maintained control, oversight and the direction of Team Electrical.

12. Defendant Redzematovic is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Team Electrical.

13. Defendant Redzematovic exercised sufficient control over Team Electrical to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Team Electrical.

14. Defendant Team Electrical is a domestic business corporation, having its principal place of business located at 690 Riverside Drive, New York, NY 10031.

15. Defendant Redzematovic is listed as the chief executive officer of Team Electrical.

16. At all times relevant to this action, Team Electrical is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. Defendant Team Electrical has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

18. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

19. Defendants have had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons (electricians) who are current or former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

21. The FLSA Collective consists of approximately fifteen (15) similarly situated current and former electricians at the Team Electrical who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

22. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

    a) failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    b) failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful

conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

25. The positions of electricians, respectively, are not exempt and have never been exempt. Electricians, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

26. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

28. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

29. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Team Electrical**

30. On information and belief, Rifat Redzematovic is the owner of Team Electrical Inc.

31. Team Electrical is an electrical services company located at 690 Riverside Drive, New York, NY 10031.

32. Team Electrical provides reparation and maintenance of electrical systems in residential and commercial buildings.

**Plaintiff Cedano's
Employment at Team Electrical**

33. Plaintiff is employed as an electrician by Defendants.

34. Plaintiff has worked for Defendants from about June 2004 through the present, without interruption.

35. Throughout Plaintiff's employment with Defendants, Plaintiff has worked at Team Electrical.

36. As an electrician, Plaintiff's main job duties include repairing and maintaining electrical systems in private and commercial buildings.

37. Throughout his employment with Defendants, Plaintiff has been scheduled to work more than 40 hours each week.

38. Throughout his employment with Defendants, even though Plaintiff is not exempt, Plaintiff has not been paid overtime in compliance with the FLSA and NYLL.

39. Throughout Plaintiff's employment, Defendants have not required Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

40. Throughout Plaintiff's employment, each month Defendants have paid Plaintiff for his prior's month work by check.

41. Throughout Plaintiff's employment, Defendants have never provided Plaintiff with any documentation as to the hours he worked.

**Plaintiff Cedano's**
**Pay and Schedule at Team Electrical**

42. Throughout Plaintiff's employment with Defendant, Plaintiff has been paid $12 per hour worked.

43. Throughout Plaintiff's employment with Defendants, each week he has not been paid time and one half for all work performed after 40 hours.

44. Throughout Plaintiff's employment with Defendants, Plaintiff has been required to work six (6) days a week.

45. Throughout Plaintiff's employment with Defendants, Plaintiff has been scheduled to work Monday to Saturday each week, from 7:00 am to 7:00 pm each day.

46. Plaintiff Cedano receives a thirty (30) minute lunch break each day.

47. Throughout Plaintiff's employment, he has worked 69 hours each week.

**Defendants' Violations of the Wage Theft Prevention Act**

48. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

49. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

50. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(Brought on Behalf of Plaintiff and the FLSA Collective Plaintiffs)**

51. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

53. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

54. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

55. Defendants' decision not to pay overtime was willful.

56. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Brought on Behalf of Plaintiff)

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for all work in excess of forty hours per workweek.

60. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

61. Defendants' decision not to pay overtime was willful.

62. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiff)

63. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

65. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

66. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

# FOURTH CAUSE OF ACTION
## New York Labor Law- Failure to Provide Wage Statements
### (Brought on Behalf of Plaintiff)

67. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have willfully failed to supply Plaintiff and the FLSA Collective with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

69. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the FLSA Collective are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Gabriel Ojeda Cedano prays for the entry of an order and judgment against the Defendants, Team Electrical and Rifat Redzematovic, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Damages for unpaid overtime due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For prejudgment interest on the foregoing amounts;

(h) For the costs and disbursements of this action, including attorney's fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: February 13, 2018
       New York, New York

                                    **THE LAW OFFICES OF JACOB ARONAUER**

                By:      */s/ Jacob Aronauer*
                         Jacob Aronauer
                         *Attorney for Plaintiff*